09-0115-cv
US Commodity Futures Trading Comm v. Rolando

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.**

PRESENT:

> GERARD E. LYNCH,
> > *Circuit Judge,*
> DENNY CHIN,[*]
> > *District Judge.*[**]

_____

Daniel Alonso,

> *Receiver-Appellee,*

US Commodity Futures Trading Commission,

> *Plaintiff-Appellee,*

> v.                                                                  09-0115-cv

_____

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Honorable Rosemary S. Pooler, originally a member of this panel, did not participate in the consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. I.O.P. E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Frederico R. Martinez Trigueros,

> *Interested-Party-Appellant*,

Diego Mariano Rolando, also known as Roclerman, also known as ROC, doing business as IA Trading.com Inc.,

> *Defendant*.

FOR APPELLANT: Federico R. Martinez Trigueros, *pro se*, Buenos Aires, Argentina.

FOR APPELLEES: Terry S. Arbit, General Counsel, Bradford M. Berry, Deputy General Counsel, Leslie Randolph, Assistant General Counsel, Commodity Futures Trading Commission, Washington, D.C.

Daniel R. Alonso, Andrew A. Kress, Kaye Scholer LLP, New York, NY.

Appeal from the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Federico R. Martinez Trigueros appeals from the judgment of the United States District Court for the District of Connecticut, approving the court-appointed receiver's distribution plan over Appellant's objection. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have jurisdiction to entertain this interlocutory appeal under 28 U.S.C. § 1292(a)(1) because the district court's order effected a modification of the freeze order entered first as a statutory restraining order and then continued as a preliminary

injunction.  See SEC v. Credit Bancorp, Ltd., 290 F.3d 80, 86-87 (2d Cir. 2002).

We review a district court's decision relating to the choice of distribution plan for a receivership estate for abuse of discretion.  Id. at 87.  "Courts have favored *pro rata* distribution of assets where . . . the funds of the defrauded victims were commingled and where victims were similarly situated with respect to their relationship to the defrauders."  Id. at 88-89.  Here, we find no abuse of discretion in the district court's well-reasoned finding that *pro rata* distribution was the most equitable remedy for the fraud perpetuated here.  As the district court properly found, the investors, including Appellant, were similarly situated with respect to the extent to which the defendant exercised control over their accounts, as well as with respect to their shared understanding that all of the customer accounts would be traded together.  Moreover, this is not a case in which Appellant's assets were "segregated in the manner of true trust accounts" or "had never been placed in the defrauder's control," as in cases in which some courts have permitted the return of assets to particular victims.  Id. at 90.

We decline to consider Appellant's claim, raised for the first time in his reply brief, regarding the denial of his request for a cash advance.  See Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996).  However, we have carefully considered Appellant's remaining claims and find them to be without merit.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3